UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
NICOLA ANTONIO DeMARCO, *pro se*,

               Plaintiff,

       -against-

THE CITY OF NEW YORK; THE CITY
OF NEW YORK DEPARTMENT OF
Education; New York City Mayor
MICHAEL BLOOMBERG; New York City
School's Chancellor JOEL KLEIN;
RENEE DAVID; THERESA EUROPE;
PHILIP COMPOSITO; NANCY RYAN;
MICHAEL BEST; MICHAEL CARDOZO;
NEW YORK CITY DEPUTY MAYOR
DENNIS WALCOTT; NEW YORK STATE
GOVERNOR DAVID PATERSON;
ELEANOR ELOVICH GLANSTEIN,

               Defendants.
------------------------------------------------------x

**SUMMARY ORDER**
08-CV-3055 (DLI)(LB)

**DORA L IRIZARRY, United States District Judge:**

      On July 25, 2008, *pro se* plaintiff Nicola Antonio DeMarco paid the requisite filing fee and filed the instant complaint along with a preliminary injunction and a temporary restraining order. By an order dated July 25, 2007, this Court denied the motion for a preliminary injunction and a temporary restraining order, finding plaintiff did not make the necessary showing of immediate or irreparable harm. Upon further review of plaintiff's complaint, plaintiff is hereby directed to file an amended complaint within thirty (30) days of the date of this order, as detailed below.

## **BACKGROUND**

      Plaintiff, an employee of the New York City Board of Education, was suspended from his job in accordance with Education Law section 3020-a. See Complaint at Exhibit A. Although unclear, it appears that there is an ongoing disciplinary action against plaintiff. On July 3, 2008, plaintiff asked for an adjournment of all proceedings "until his adoption of a child is complete within the permitted time allowed under the Family and Medical Leave Act." Compl. ¶ 5. Plaintiff further

alleges that defendants have failed to address his leave request.

## DISCUSSION

Plaintiff names thirteen defendants in the caption of the complaint; however, plaintiff fails to make any factual allegations against these defendants. Moreover, it is abundantly clear that some of the named defendants cannot possibly have any personal involvement with the few facts alleged. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages . . . ." Johnson v. Newburgh Enlarged School Dist., 239 F.3d 246, 254 (2d Cir. 2001). Personal involvement of supervisory officials requires that they either (1) "participated directly in the alleged constitutional violation"; (2) "failed to remedy the wrong" after being informed of the violation through either a report or appeal; (3) created or continued "a policy or custom under which unconstitutional practices occurred"; (4) were "grossly negligent in supervising subordinates who committed" the unconstitutional acts; or (5) exhibited "deliberate indifference" to plaintiff's rights by failing to act on information that constitutional violations were occurring. Id. (internal quotation marks omitted).

## CONCLUSION

The Court cannot allow plaintiff's claims to go forward as defendants will not be able to respond meaningfully to the instant complaint. In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S.

506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Should plaintiff file an amended complaint, he must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto. The allegations must be short, plain, and concise. In addition, plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. For the convenience of the *pro se* Plaintiff, instructions on how to file an Amended Complaint are attached to this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 8, 2008

                                                          _____/s/_____
                                                                 DORA L. IRIZARRY
                                                           United States District Judge

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF NEW YORK
PRO SE OFFICE
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

# HOW TO AMEND YOUR COMPLAINT

If you have forgotten to state an important matter in your complaint, you discover something new after you filed your complaint, you want to add a defendant, or you want to insert the true name of a "John Doe" defendant, you may be able to file an amended complaint. An amended complaint does not just add to the first complaint. Once you file an amended complaint it entirely replaces your original complaint.

Amendments to a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that:

> A party may amend the party's pleading **once** as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

This means that if the defendant has not yet filed an answer to your complaint, you can file one amended complaint without permission of the Court. If the defendant has filed a motion to dismiss but has not filed an answer, you are still entitled to file one amended complaint without permission. (You are only permitted to file one amended complaint before defendant files an answer; if you wish to file a second amended complaint before defendant files an answer, you must obtain defendant's consent or you must obtain permission from the Court). However, if the defendant has already filed his answer to your complaint, you must get written consent from the defendant or permission of the Court before amending your complaint. If the defendant agrees in writing that you can file an amended complaint, you must ask the judge to write "So Ordered" on the written consent, indicating that the judge has approved the consent. If the defendant does not give you written consent, you can ask permission from the Court by filing a motion to amend the complaint and including a copy of the proposed amended complaint with your motion papers. Instructions for preparing a motion are attached and are available separately.

If you file an amended complaint. It **must** be captioned as an "**Amended Complaint.**"

# FILING AND SERVING THE AMENDED COMPLAINT

## SERVICE OF THE AMENDED COMPLAINT BEFORE THE ORIGINAL COMPLAINT HAS BEEN SERVED

If you decide to amend your complaint before defendant has been served with your original complaint and summons, you should serve the amended complaint on defendant and file the original amended complaint with the Pro Se Office as follows:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. File the original of your amended complaint with the Pro Se Office.

4. If you have not added new defendants in your amended complaint, use the summons that was originally issued by the Court.

5. Have a <u>copy</u> of the summons and a <u>copy</u> of the amended complaint served on each defendant by someone who is over eighteen and is not a party to the action. The original summons with the seal of the court embossed on it must be returned to the Court, so do not serve the original summons on any defendant.

6. Have the person who serves the summons and amended complaint on each defendant complete an affidavit or affirmation of service of process form.

7. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

8. Attach the original affidavit or affirmation of service to the original summons.

9. File the original summons and the affidavit or affirmation of service of process with the Pro Se Office.

## SERVICE OF THE AMENDED COMPLAINT AFTER THE ORIGINAL COMPLAINT HAS BEEN SERVED ON ALL DEFENDANTS

If you decide to amend your complaint after the defendant has been properly served with your original complaint and summons (and you have not added any new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint to the attorney for each defendant by ordinary first-class mail.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and your original affidavit or affirmation of service of process with the Pro Se Office.

### DELIVERY OF THE AMENDED COMPLAINT AFTER THE ORIGINAL COMPLAINT HAS BEEN SERVED ON SOME DEFENDANTS BUT NOT ON OTHERS

If you decide to amend your complaint after some defendants have been served with your original complaint and summons but before other defendants have been served (or you have added new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint by ordinary first-class mail to each defendant who has already been served.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint and summons was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and original affidavit or affirmation of service of process with the Pro Se Office.

7. If you have not added new defendants in your amended complaint, you must serve the amended complaint on the defendant who has not yet been properly served. If you have added new defendants, the Court will issue an amended summons which must be served with the amended complaint. If you are adding defendants, you must bring this to the attention of the Pro Se Writ Clerk.

8. Have a <u>copy</u> of the amended summons and a <u>copy</u> of the amended complaint served pursuant to Rule 4 of the Federal Rules on any defendant who was not previously served with the original complaint.

9. Have the person who served the amended summons and the amended complaint to each of the new defendants complete an affidavit or affirmation of service of process form.

10. Make a copy of the affidavit or affirmation of service of process.

11. Attach the affidavit or affirmation of service of process to the amended summons.

12. File the original amended summons and the original affidavit or affirmation of service of process with the Pro Se Office.

If you have questions regarding any of the procedures listed above, please contact the Pro Se Office at 718-613-2665.

11/28/05

Tara D. Hunter-Hicks
and
Ralph Vega, Jr.
Pro Se Writ Clerks

<u>Attn</u>: Pro Se Office
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

8:30AM - 5:00PM

(718) 613-2665