FILED
IN CLERK'S OFF
U.S. DISTRICT COUR
★ MAR 10 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

NICOLA ANTONIA DEMARCO,

        Plaintiff,

        - against -

THE CITY OF NEW YORK; THE CITY OF NEW
YORK DEPARTMENT OF EDUCATION; NEW
YORK CITY MAYOR MICHAEL BLOOMBERG;
NEW YORK CITY SCHOOL'S CHANCELLOR
JOEL KLEIN; RENEE DAVID; THERESA EUROPE;
PHILIP COMPOSITO; NANCY RYAN; MICHAEL
BEST; MICHAEL CARDOZO; NEW YORK CITY
DEPUTY MAYOR DENNIS WALCOTT;
NEW YORK STATE GOVERNOR DAVID
PATTERSON; and ELEANOR ELOVICH GLANSTEIN,

        Defendants.

-----------------------------------------------------------X

**ORDER**
**08 CV 3055 (RRM)(LB)**

**BLOOM, United States Magistrate Judge:**

    Plaintiff filed the instant *pro se* action on July 25, 2008, (document 1), and subsequently filed an amended complaint on July 24, 2009, (document 9). Plaintiff has failed to timely serve defendants despite being afforded ample opportunity to do so by the Court.

    On August 10, 2009, the Court extended the time for plaintiff to serve defendants under Fed. R. Civ. P. 4(m) until September 25, 2009, (document 10). The Court's Order explicitly stated that "if service has not been effected by [September 25, 2009] or plaintiff fails to show good cause why such service has not been effected, [the Court] will recommend that this action should be dismissed without prejudice." (Id.) Plaintiff failed to file proof of service by that date and on October 22, 2009, the Court issued a Report and Recommendation ("R&R"),



recommending that the case should be dismissed for failing to timely serve defendants. (Document 11.) On November 11, 2009, plaintiff objected to the R&R, stating that he was unable to serve defendants due to "serious personal and family illness along with delay due to failure to timely update [his] new mailing address on the part of the U.S. District Court, Eastern District staff." (Document 12.) By Order dated November 20, 2009, the Court withdrew its October 22, 2009 R&R, and granted plaintiff one final opportunity to effect service on defendants, warning him that if he failed to properly serve defendants by December 20, 2009, the Court would reinstate its recommendation that this case should be dismissed pursuant to Fed. R. Civ. P. 4(m). (Document 13.)

On December 11, 2009, instead of filing proof of service, plaintiff requested leave to proceed *in forma pauperis*. (Document 14.) The Court denied the request on December 22, 2010, as plaintiff had already paid the filing fee and could not seek to proceed *in forma pauperis* to circumvent his obligation to serve defendants. (Document 15.) The Order, nevertheless, granted plaintiff another extension of time to January 15, 2010 to serve defendants with process. (Id.)

On January 25, 2010, plaintiff filed twelve separate motions seeking default judgment against every defendant except Eleanor Glanstein. (Documents 19-30.) Each motion attaches an affirmation of service for the particular defendant against whom plaintiff moves for default judgment. All of the affirmations declare that defendants were served with the summons and amended complaint by mail on December 19, 2009.[1] (Id.)

---

[1] Plaintiff's affirmations of service are also filed with the Court as docket entry 18.

2

Pursuant to Rule 4(e), an individual may be served through the following methods:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Similarly, Rule 4(j) provides for service of a state or municipal defendant by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j).

State law provides for similar methods of service. See NY CPLR § 308. However, neither the federal rules, nor state law permits service by merely mailing a defendant a copy of the summons and complaint. See Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (service of process by mail is insufficient). Under Fed. R. Civ. P. 4(d) and NY CPLR §312-a, service is permitted by mail, provided plaintiff includes two copies of a statement of service by mail and acknowledgement of receipt or waiver forms, with a return envelope, postage prepaid. Service is complete only when the acknowledgment form is signed and returned to the sender.

Plaintiff has not demonstrated that he served defendants according to this method. His affirmations of service and defendants' letters to the Court (documents 32, 33), only state

that a copy of the summons and amended complaint was mailed to each of the defendants.[2] This does not constitute proper service.

Plaintiff was directed by the Court on three separate occasions to serve defendants. (Documents 10, 13, 15.) Each of those three Orders extended plaintiff's time to serve under Rule 4(m). Rather than properly serving defendants, plaintiff engaged in last minute tactics to avoid his obligation to properly serve defendants. First, he blamed the Court for not updating his address, despite his failure to notify the Court of the change, (see document 13); then he moved to proceed *in forma pauperis* shortly before the second extension of time to serve had expired, (see document 15); and now he moves for default despite his failure to demonstrate proper service on defendants. Plaintiff's motions for default judgment (documents 19-30) are denied without prejudice. Defendants' requests for a premotion conference (documents 17, 32, 33) are also denied without prejudice.

This is plaintiff's case to vindicate his rights. The Court should not afford plaintiff unlimited opportunities to properly serve defendants. Nevertheless, as plaintiff has at least made an attempt to serve defendants, albeit improperly, the Court will extend the time for plaintiff to serve defendants to March 26, 2010, pursuant to Fed. R. Civ. P. 4(m). Plaintiff must *properly* serve defendants under Rules 4(e) and/or 4(j) of the Federal Rules of Civil Procedure by this date, and file proof of such service by March 31, 2010. Plaintiff is on notice that even though he is proceeding *pro se* he is obligated to serve process according to the

---

[2] Furthermore, according to counsel for city defendants, the individual defendants Renee David, Theresa Europe, Nancy Ryan, Michael Best, and Deputy Mayor Dennis Walcott did not receive a copy of the summons or amended complaint by mail or otherwise. (Document 32.)

4

federal rules. If plaintiff fails to file proof of proper service on defendants by March 31, 2010, I will reinstate my R&R to dismiss this case.

SO ORDERED.

Dated: March 8, 2010
Brooklyn, New York

LOIS BLOOM
United States Magistrate Judge