```
                                                          FILED
                                                    IN CLERK'S OFFICE
                                                U.S. DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT                    ★   MAY 11 2010
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X                 P.M.
                                                              TIME A.M.
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

NICOLA ANTONIA DEMARCO,

        Plaintiff                               **REPORT & RECOMMENDATION**
                                                          08 CV 3055 (RRM)(LB)

    - against -

THE CITY OF NEW YORK;
THE CITY OF NEWYORK
DEPARTMENT OF EDUCATION;
NEW YORK CITY MAYOR
MICHAEL BLOOMBERG;
NEW YORK CITY SCHOOL'S
CHANCELLOR JOEL KLEIN;
RENEE DAVID; THERESA EUROPE;
PHILIP COMPOSITO; NANCY RYAN;
MICHAEL BEST; MICHAEL CARDOZO;
NEW YORK CITY DEPUTY MAYOR
DENNIS WALCOTT;
NEW YORK STATE GOVERNOR
DAVID PATTERSON;
 and ELEANOR ELOVICH GLANSTEIN,

                Defendants.

------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff commenced the instant *pro se* action on July 25, 2008.[1] Plaintiff has failed to timely serve defendants, and the Court therefore recommends that his complaint should be dismissed as to all defendants except defendant Glanstein,[2] pursuant to Fed. R. Civ. P. 4(m).

        On August 10, 2009, the Court extended the time for plaintiff to serve defendants under Fed. R. Civ. P. 4(m) until September 25, 2009, (document 10). The Court's Order explicitly

---

[1] Plaintiff subsequently filed an amended complaint on July 24, 2009. (Document 9.)
[2] Defendant Glanstein has been served.



stated that "if service has not been effected by [September 25, 2009] or plaintiff fails to show good cause why such service has not been effected, [the Court] will recommend that this action should be dismissed without prejudice." (Id.) Plaintiff failed to file proof of service by that date and on October 22, 2009, the Court issued a Report and Recommendation ("R&R"), that the case should be dismissed for plaintiff's failure to timely serve defendants. (Document 11.) On November 11, 2009, plaintiff objected to the R&R, stating that he was unable to serve defendants due to "serious personal and family illness along with delay due to failure to timely update [his] new mailing address on the part of the U.S. District Court, Eastern District staff." (Document 12.) By Order dated November 20, 2009, the Court withdrew its R&R, and granted plaintiff one final opportunity to effect service on defendants, warning him that if he failed to properly serve defendants by December 20, 2009, the Court would reinstate its recommendation that this case should be dismissed pursuant to Fed. R. Civ. P. 4(m). (Document 13.)

On December 11, 2009, instead of filing proof of service, plaintiff requested leave to proceed *in forma pauperis*. (Document 14.) The Court denied the request on December 22, 2010, as plaintiff had already paid the filing fee was apparently trying to circumvent his obligation to serve defendants. (Document 15.) However, I granted plaintiff another extension of time to January 15, 2010 to serve defendants with process. (Id.)

On January 25, 2010, plaintiff filed twelve separate motions seeking default judgment against every defendant except Eleanor Glanstein. (Documents 19-30.) Each default motion attached an affirmation of service for the particular defendant. All of the affirmations

2

declared that defendants were served with the summons and amended complaint by mail on December 19, 2009.[3] (Id.)

On March 8, 2010, the Court denied plaintiff's motions for default. (Document 34.) The Order explained, *in detail*, why plaintiff's affirmations that he had mailed defendants copies of the summons and complaint did not demonstrate proper service. Again, the Court granted plaintiff another opportunity to properly serve defendants by March 26, 2010. The Order warned that "[i]f plaintiff fails to file proof of proper service on defendants by March 31, 2010, I will reinstate my R&R to dismiss this case." (Id.) On March 31, 2010, plaintiff filed affirmations of service on defendants. As before, the affirmations demonstrate that plaintiff merely mailed defendants copies of the summons and complaint.

The Court has given plaintiff ample opportunity to properly serve defendants. The Court granted plaintiff multiple extensions of the time to serve under Rule 4(m), and when plaintiff's service was deficient, the Court provided plaintiff with a detailed explanation of the deficiency and instructed him how service must be made. Instead of taking advantage of this opportunity, on the eve of the deadline, plaintiff filed proof that he attempted service in the same deficient manner as before. The Court cannot afford plaintiff unlimited opportunities to serve defendants, and plaintiff's time to serve defendants has long passed. It is therefore respectfully recommended that plaintiff's complaint should be dismissed without prejudice as to all defendants except defendant Glanstein for failing to timely serve defendants pursuant to Fed. R. Civ. P. 4(m).

---

[3] See plaintiff's affirmations of service, docket entry 18.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

Dated: May 10, 2010
Brooklyn, New York

LOIS BLOOM
United States Magistrate Judge