UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NICOLA ANTONIA DEMARCO,

                        Plaintiff,

                - against -

THE CITY OF NEW YORK; THE CITY OF NEW YORK DEPARTMENT OF EDUCATION; NEW YORK CITY MAYOR MICHAEL BLOOMBERG; NEW YORK CITY SCHOOL'S CHANCELLOR JOEL KLEIN; RENEE DAVID; THERESA EUROPE; PHILIP COMPOSITO; NANCY RYAN; MICHAEL BEST; MICHAEL CARDOZO; NEW YORK CITY DEPUTY MAYOR DENNIS WALCOTT; NEW YORK STATE GOVERNOR DAVID PATTERSON; and ELEANOR ELOVICH GLANSTEIN,

                        Defendants.

Docket No. 08 CV 3055 (RRM)(LB)

---

# MEMORANDUM OF LAW

Garbarini & Scher, P.C.
**Attorneys for Defendant**
*Eleanor Elovich Glanstein*
432 Park Avenue South
New York, New York 10016-8013
(212) 689-1113

**Of Counsel:** Gregg D. Weinstock

F:\CASES\17682\Memorandum of Law.wpd

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................. 1

BACKGROUND ............................................................ 1

FINDINGS AND AWARD OF DEFENDANT HEARING OFFICER
ELEANOR E. GLANSTEIN .................................................. 2

LEGAL ARGUMENT ....................................................... 4

      POINT I     ARBITRATORS ARE AFFORDED ABSOLUTE IMMUNITY FROM CIVIL ACTIONS FOR ACTS ARISING OUT OF THE PERFORMANCE OF THEIR DUTIES; THEREFORE, HEARING OFFICER ELEANOR E. GLANSTEIN MUST BE DISMISSED FROM THIS PROCEEDING ..................... 4

      POINT II    THERE IS A RATIONAL BASIS FOR THE AWARD PURSUANT TO EDUCATION LAW § 3020-a(5) AND C.P.L.R. § 7511, AND THEREFORE, NO GROUNDS FOR VACATUR EXIST ........................................... 6

      POINT III   DEFENDANT GLANSTEIN CANNOT BE HELD INDIVIDUALLY LIABLE UNDER THE FAMILY MEDICAL LEAVE ACT (FMLA) AS SHE IS NEITHER AN EMPLOYER NOR PERSON ACTING IN THE INTEREST OF AN EMPLOYER ........................................ 9

      POINT IV   PLAINTIFF'S STIPULATION OF DISCONTINUANCE OF THE SPECIAL PROCEEDING IN NEW YORK STATE COURT IS AN ADJUDICATION ON THE MERITS FOR *RES JUDICATA* PURPOSES IN THE FEDERAL COURT ACTION ................................... 10

CONCLUSION ............................................................ 11

## TABLE OF AUTHORITIES

Page

**Cases**

*Austern v. Chicago Board Options Exchange, Inc.*, 898 F.2d 882 (2nd Cir. 1990) ......... 4, 5

*Astudillo v. U.S. News & World Report*, 2004 WL 2075179 (S.D.N.Y. Sept. 17, 2004) ....... 9

*Austin v. Board of Education of City School District of City of New York*,
280 A.D.2d 365, 720 N.Y.S.2d 344 (1st Dep't 2001) ...................... 6

*Bronx-Lebanon Hospital Center v. Signature Medical Management Group, LLC*,
6 A.D.3d 261, 775 N.Y.S.2d 279 (1st Dep't, 2004) ...................... 8

*Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114 (3rd Cir. 1962) .......... 4

*Calzarano v. Liebowitz*, 550 F.Supp. 1389 (D.C. NY 1982) ......................... 5

*Carroll v. Pirkle*, 296 A.D.2d 755, 745 N.Y.S.2d 271 (3rd Dep't 2002) .................. 6

*Chase Manhattan Bank N.A. v. Celotex Corp.*, 56 F.3d 343 (2d Cir. 1995) ............. 10

*City of Newark v. Law Department of the City of New York*, 194 Misc.2d 246,
754 N.Y.S.2d 141 (Sup.Ct. NY Co. 2002) ........................... 5

*Corey v. New York Stock Exchange*, 691 F.2d 1205, 1209 (6th Cir. 1982) ................ 5

*Eckert v. Schroeder, Joseph & Associates*, 364 F.Supp.2d 326 WD NY 2005 ............. 9

*Fischer v. Smithtown Central School District*, 262 A.D.2d 560, 691 N.Y.S.2d 341
(2nd Dep't 2009) ................................................... 6

*Garcia v. Department of Education of the City of New York*, 18 Misc.3d 503, 507,
852 N.Y.S.2d 639 (Sup. Ct. NY Co. 2007) ........................... 6

*GEICO General Insurance Company v. Sherman*, 307 A.D.2d 967, 763 N.Y.S.2d 649
(2nd Dep't, 2003) ................................................... 8

*Harwyn Luggage, Inc. v. Henry Rosenfeld, Inc.*, 90 A.D.2d 747, 1st Dep't 1982) ........... 10

*Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ..................... 9

*In re Bernstein v. Norwich City School District Board of Education*, 282 A.D.2d 70,
726 N.Y.S.2d 474 (3rd Dep't 2001) .................................................... 6

*Jacobs v. Mostow*, 2008 WL 834128 (2nd Cir. 2008) ........................................ 4

*John Street Leasehold, LLC v. Brunjes*, 234 A.D.2d 26, 650 N.Y.S.2d 649 (1st Dep't 1996) ... 5

*Kabia v. Koch*, 186 Misc.2d 363, 713 N.Y.S.2d 250 (Civ.Ct. NY Co. 2000) ................... 5

*Kool Air Systems v. Syosset Institutional Builders, Inc.*, 22 A.D.2d 672, 253 N.Y.S.2d 346
(1st Dep't 1964) ................................................................... 10

*Krinsky v. New York City Dept. of Educ.*, 28 A.D.3d 353, 353, 814 N.Y.S.2d 119 .......... 7

*Lackow v. Department of Education of the City of New York*, 51 A.D.3d 563,
859 N.Y.S.2d 52 (1st Dep't 2008) .................................................... 6

*Land v. Commissioner of Education of the State of New York*, 174 A.D.2d 927,
571 N.Y.S.2d 623 (3rd Dep't 1991) ................................................. 6, 7

*Liebowitz v. City of New York*, 2000 WL 33406851 ........................................ 5

*Matter of Astoria Medical* Group *[Health Ins. Plan of Greater N.Y.]* 11 N.Y.2d 128,
132, 227 N.Y.S.2d 401, 182 N.E.2d 85 ................................................ 8

*Matter of Chawki v. NE York City Department of Education, Manhattan High Schools,
District 71*, 39 A.D.3d 321, 833 N.Y.S.2d 472 (1st Dep't 2007) ........................ 10

*Matter of Lipschutz [Gutwirth]*, 304 N.Y. 58, 64, 106 N.E.2d 8 .......................... 8

*Matter of Morey v. Somers Cent. School Dist.*, 24 A.D.3d 558, 559, 805 N.Y.S.2d 288) ..... 7

*Mazur v. Genesee Valley BOCES*, 34 A.D.3d 1240, 825 N.Y.S.2d 329 ........................ 7

*Miele v. Pension Plan of New York State Teamsters Conference Pension and Retirement
Fund*, 72 F.Supp.2d 88 (E.D.N.Y. 1999) .............................................. 10

*Mohawk Valley Community College v. Mohawk Valley Community College
Professional Association*, 28 A.D.3d 1140, 814 N.Y.S.2d 428 (4th Dep't, 2006) ....... 7, 8

*Rabinowitz v. Olewski*, 100 A.D.2d 539, 473 N.Y.S.2d 232 ................................ 8

*Richter v. Rydzynski*, 1987 WL 6777 (W.D.N.Y. 1987) ..................................... 5

*Rose v. J.J. Lowrey & Company*, 181 A.D.2d 418, 580 N.Y.S.2d 745 (1st Dep't, 1992) ...... 8

*Saunders v. Rockland Board of Cooperative Educational Services*, 62 A.D.3d 1012, 879 N.Y.S.2d 568 (2nd Dep't 2009) .................................................. 6, 7

*Schwartz v. New York City Department of Education*, 22 A.D.3d 672, 802 N.Y.S.2d 726 (2nd Dep't, 2005) .......................................................................... 8

*Thompson v. S.L.T. Ready Mixx, Division of Torrington Industries*, 245 A.D.2d 911, 913, 666 N.Y.S.2d 798 (3rd Dep't, 1997) ........................................... 7

*Waldman v. Village of Kiryas Joel*, 39 F.Supp.2d 370 (S.D.N.Y. 1999) .................... 10

*Wally v. General Arbitration Council of Textile and Apparel Industries*, 165 Misc.2d 896, 630 N.Y.S.2d 627 (NY Sup., 1995), *app. dism'd*, 241 A.D.2d 983 (1st Dep't 1997): .......... 5

*Yates v. Yellow Freight System*, 501 F.Supp. 101, 104 (D.C. Ohio 1980) ................. 4

## Rules

C.P.L.R. Article 4 ............................................................. 1, 6

C.P.L.R. Article 75 ............................................................... 6

C.P.L.R. § 7511 .............................................................. 2, 6, 8

F.C.R.P. 12(b)(6). ............................................................. 1, 11

## Statutes

29 U.S.C. § 2615 .................................................................. 9

Education Law § 3020 ............................................................ 1

Education Law § 3020-a ..................................................... 1, 6, 8

Family Medical Leave Act (FMLA) §2611(4), 2615, 2617 .............................. 9

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendant ELEANOR ELOVICH GLANSTEIN (hereinafter "GLANSTEIN") in support of her motion pursuant to F.C.R.P. 12(b)(6) dismissing the Complaint of plaintiff, NICOLA ANTONIA DEMARCO.

## BACKGROUND

Defendant GLANSTEIN is a hearing officer who, pursuant to Education Law § 3020 and 3020-a, presides over hearings with respect to disciplinary charges filed against tenured teachers. In this case, the Department of Education charged plaintiff with 12 specifications of misconduct which occurred during the 2005 - 2006 and 2006 - 2007 school years while plaintiff was a tenured teacher at the Louis Armstrong Middle School in Queens, New York. The specifications pertain to excessive absences from work, violations of school policy, insubordination, and neglect of duties. Following two pre-hearing conferences held on October 2 and November 18, 2008, respectively, and 11 hearing sessions on the merits conducted between December 2, 2008 and February 27, 2009, and closing arguments held on May 29, 2009, defendant GLANSTEIN issued an award on September 21, 2009. Defendant GLANSTEIN found that the evidence had established the plaintiff's substantial absences were not medically justified, and warranted plaintiff's termination.

In and around September 2009, plaintiff brought a special proceeding pursuant to Article 4 of the C.P.L.R. to vacate the arbitrator's award (see Exhibit 1). Thereafter, on November 5, 2009, defendant GLANSTEIN made a motion to dismiss the Petition on the grounds that: (1) arbitrators are afforded absolute immunity from civil actions for acts arising out of the performance of their duties, and (2) there is a rational basis for the award pursuant to Education Law § 3020-a(5) and

C.P.L.R. § 7511, and therefore, no grounds for vacatur exist.

On or about November 18, 2009, plaintiff discontinued the action against GLANSTEIN, with prejudice (see Exhibit 2).

Plaintiff has now commenced the above action by service of an Amended Complaint (see Exhibit 3). As against defendant Glanstein, the Amended Complaint asserts essentially only one allegation of misconduct, which is embodied in Paragraph 8:

> 8. On or about July 14, 2008 arbitrator Eleanor Elovich Glanstein informed plaintiff that the next hearing date would be August 19, 2008 without addressing plaintiff's leave request for the adoption of a child under the Family and Medical Leave Act. This violates plaintiff's rights under the Family and Medical Leave Act since no action was taken to process his application or notify him of the status of that application.

## FINDINGS AND AWARD OF DEFENDANT HEARING OFFICER ELEANOR E. GLANSTEIN

Defendant GLANSTEIN issued a detailed 44-page "Findings and Award," attached hereto as Exhibit 4.

Plaintiff was represented by several different counsel during the course of the proceedings, although he represented himself at times and during closing arguments because he had discharged his attorney (Award, p. 2). Thus, plaintiff has no basis to assert that he was denied his right of counsel. The parties were afforded full opportunity to examine and cross-examine witnesses (Award, pp. 2-3).

During the hearings, it was established that during the 2005 - 2006 school year, plaintiff was absent **72 times**. He was also late or departed early nine additional times. During the 2006 - 2007

school year, he was absent **116 times**. There was testimony from the school's principal that such absences caused a "tremendous hardship" to the students, who were to take mandated state examinations at the end of the school year (Award, pp. 16-17). There is evidence that plaintiff had six examinations by the Department's Medical Bureau between March 6 and November 6, 2006, and plaintiff was never found unfit for duty (Award, pp. 13-14). Although plaintiff alleges that these decisions were overturned by an independent medical examiner, Dr. Mahid Nainzadeh, her report (attached as Exhibit B to Petition) does state, "In my opinion, Mr. Nicola DeMarco's low back pain; neck and shoulder pain and wrist were simply of strain and sprain in nature due to his fall. These injuries will not take more than six - eight weeks to heal, and he should be given only eight weeks of work-related disability." This report does not justify the substantial number of plaintiff's "medically related" absences during a two-year period.

Plaintiff's argument that Defendant GLANSTEIN's penalty of discharge was based solely upon plaintiff's absences is misplaced. In this regard, the Decision states, "While the other charges of which defendant [NICOLA DEMARCO] has been found guilty could warrant a lesser penalty than discharge, defendant's absences were so numerous as to provide just cause for his termination." This does not mean that the hearing officer could not consider the other numerous specifications pertaining to insubordination, violation of school policy, and neglect of duty. An arbitrator could reasonably determine that these charges, together with the numerous absences, taken as a whole, justify termination.

Plaintiff's allegation that issuance of the Decision was not made within 30 days of the last hearing day, resulting in prejudice to plaintiff, is also incorrect. This would have no bearing on the appeal process because § 3020-a(5) provides that an appeal must be made "no later than 10 days after

receipt of the hearing officer's decision . . ." [emphasis added]. Contrary to plaintiff's allegation at Paragraph 18, the appeal time does not begin to run from the last date of hearings.

During the hearing, plaintiff conceded that he was aware that unauthorized absences constitute grounds for disciplinary action which may include dismissal pursuant to Chancellor's Regulations C-601.T1829-1834 (Award, pp. 41-43).

During the hearing, Defendant GLANSTEIN heard, and credited, the testimony of the school's principal and assistant principal in support of its specifications charged against plaintiff.

The remainder of plaintiff's procedural objections set forth in the Petition pale in light of the overwhelming evidence supporting the charges. Clearly, Defendant GLANDSTEIN had a rational basis for her award.

## LEGAL ARGUMENT

### POINT I

**ARBITRATORS ARE AFFORDED ABSOLUTE IMMUNITY FROM CIVIL ACTIONS FOR ACTS ARISING OUT OF THE PERFORMANCE OF THEIR DUTIES; THEREFORE, HEARING OFFICER ELEANOR E. GLANSTEIN MUST BE DISMISSED FROM THIS PROCEEDING**

It is well settled that a validly appointed arbitrator is clothed with immunity analogous to judicial immunity against actions brought by either of the parties arising out of the performance of his/her duties. *Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114 (3rd Cir. 1962); *Yates v. Yellow Freight System*, 501 F.Supp. 101, 104 (D.C. Ohio 1980). As such, an arbitrator enjoys absolute immunity for all acts within the scope of the arbitral process. *Jacobs v. Mostow*, 2008 WL 834128 (2nd Cir. 2008); *Austern v. Chicago Board Options Exchange, Inc.*, 898 F.2d 882

(2nd Cir. 1990); *Richter v. Rydzynski*, 1987 WL 6777 (W.D.N.Y. 1987); *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1209 (6th Cir. 1982); *Calzarano v. Liebowitz*, 550 F.Supp. 1389 (D.C. NY 1982); *City of Newark v. Law Department of the City of New York*, 194 Misc.2d 246, 754 N.Y.S.2d 141 (Sup.Ct. NY Co. 2002); *Kabia v. Koch*, 186 Misc.2d 363, 713 N.Y.S.2d 250 (Civ.Ct. NY Co. 2000); *John Street Leasehold, LLC v. Brunjes*, 234 A.D.2d 26, 650 N.Y.S.2d 649 (1st Dep't 1996). This includes claims for monetary damages. *Kabia, Richter, supra*. The immunity extends to allegations that the award was procured through fraud, partiality, or misconduct on the part of the arbitrators. *See, Wally v. General Arbitration Council of Textile and Apparel Industries*, 165 Misc.2d 896, 630 N.Y.S.2d 627 (NY Sup., 1995), *app. dism'd*, 241 A.D.2d 983 (1st Dep't 1997):

> Plaintiff's contention that the defendant's actions were not protected from arbitral immunity also fails. In categorizing defendant's actions as fraud or breach of contract, the plaintiff misconstrues the objective of arbitral immunity, which is to free the arbitrator from harassment or intimidation from the litigants. Consequently, the defendant's actions, or lack thereof, during the arbitration proceeding are thereby immunized from liability.

*Id.* at 628. *See also, Liebowitz v. City of New York*, 2000 WL 33406851.

Although the plaintiff does not seek damages from defendant GLANSTEIN, by being named in this proceeding, she is still compelled to incur legal fees and expend time in defending the claims against her. Therefore, based upon his absolute immunity set forth above, defendant GLANSTEIN should be dismissed from this proceeding.

## POINT II

## THERE IS A RATIONAL BASIS FOR THE AWARD PURSUANT TO EDUCATION LAW § 3020-a(5) AND C.P.L.R. § 7511, AND THEREFORE, NO GROUNDS FOR VACATUR EXIST

Education Law § 3020-a(5) provides that judicial review of a hearing officer's findings must be conducted pursuant to C.P.L.R. § 7511. Under such review, an award may only be vacated on a showing of "misconduct, bias, excessive power or procedural defects." *Lackow v. Department of Education of the City of New York*, 51 A.D.3d 563, 859 N.Y.S.2d 52 (1st Dep't 2008); *Austin v. Board of Education of City School District of City of New York*, 280 A.D.2d 365, 720 N.Y.S.2d 344 (1st Dep't 2001); *Carroll v. Pirkle*, 296 A.D.2d 755, 745 N.Y.S.2d 271 (3rd Dep't 2002); *In re Bernstein v. Norwich City School District Board of Education*, 282 A.D.2d 70, 726 N.Y.S.2d 474 (3rd Dep't 2001). However, where parties are forced to engage in compulsory arbitration, judicial review under C.P.L.R. Article 75 requires that the award have evidentiary support and cannot be arbitrary and capricious. Article 75 review questions whether the decision was rational or had a plausible basis. *Saunders v. Rockland Board of Cooperative Educational Services*, 62 A.D.3d 1012, 879 N.Y.S.2d 568 (2nd Dep't 2009); *Lackow v. Department of Education of the City of New York*, supra; *Carroll v. Pirkle*, supra.

Applying the above standard, Defendant GLANSTEIN's Opinion and Award is supported by the evidence of record and has a rational basis. "The decision is very detailed and thoughtful, and makes substantial references to the record." *Garcia v. Department of Education of the City of New York*, 18 Misc.3d 503, 507, 852 N.Y.S.2d 639 (Sup. Ct. NY Co. 2007); *see also, Fischer v. Smithtown Central School District*, 262 A.D.2d 560, 691 N.Y.S.2d 341 (2nd Dep't 2009) ("The hearing officer's determination had a rational basis and is supported by the record." *Id.* at 560); *Land*

*v. Commissioner of Education of the State of New York*, 174 A.D.2d 927, 571 N.Y.S.2d 623 (3rd Dep't 1991) ("We find that there is sufficient evidence in the record to rationally support the determination that plaintiff was guilty of 14 charges as found by the Commissioner. The conflicting testimony between plaintiff's and the Board's witnesses were resolved by the fact-finder and should not be disturbed by this Court." *Id.* at 929); *Saunders v. Rockland Board of Cooperative Education Services, supra* ("When reviewing compulsory arbitrations in educational proceedings . . . the court should accept the arbitrators' credibility in determinations, even where there is conflicting evidence and room for choice exists" *Id.* at 1012).

Further, Defendant GLANSTEIN's decision to impose the penalty of dismissal based upon plaintiff's excessive absenteeism, which caused a hardship to the school, together with the other specifications for insubordination and neglect of duty, was rational as supported by the evidence. As stated in *Mazur v. Genesee Valley BOCES*, 34 A.D.3d 1240, 825 N.Y.S.2d 329:

> Further, "[i]n light of the litany of specifications proven against him, the penalty of dismissal does not shock the conscience" (*Krinsky v. New York City Dept. of Educ.*, 28 A.D.3d 353, 353, 814 N.Y.S.2d 119; *see Matter of Morey v. Somers Cent. School Dist.*, 24 A.D.3d 558, 559, 805 N.Y.S.2d 288).

34 A.D.3d at 1240.

In addition to the substantive charges, there is no evidence of bias which would support an application to vacate the award. The burden of proving that an arbitrator's ruling constitutes misconduct must be met by "clear and convincing proof." *Thompson v. S.L.T. Ready Mixx, Division of Torrington Industries*, 245 A.D.2d 911, 913, 666 N.Y.S.2d 798 (3rd Dep't, 1997). *See also, Mohawk Valley Community College v. Mohawk Valley Community College Professional*

*Association*, 28 A.D.3d 1140, 814 N.Y.S.2d 428 (4th Dep't, 2006); *Schwartz v. New York City Department of Education*, 22 A.D.3d 672, 802 N.Y.S.2d 726 (2nd Dep't, 2005) (School employee failed to present evidentiary proof of actual bias or "appearance of bias" on part of arbitrator hearing disciplinary matter pursuant to Education Law § 3020-a, as required to support vacatur of the award on the grounds of partiality pursuant to C.P.L.R. § 7511(b)(1)(ii)); *GEICO General Insurance Company v. Sherman*, 307 A.D.2d 967, 763 N.Y.S.2d 649 (2nd Dep't, 2003); *Rose v. J.J. Lowrey & Company*, 181 A.D.2d 418, 580 N.Y.S.2d 745 (1st Dep't, 1992).

As amply set forth in the First Department case of *Bronx-Lebanon Hospital Center v. Signature Medical Management Group, LLC*, 6 A.D.3d 261, 775 N.Y.S.2d 279 (1st Dep't, 2004):

> While "in an appropriate case, the courts have inherent power to disqualify an arbitrator before an award has been rendered" (*see Matter of Astoria Medical* Group *[Health Ins. Plan of Greater N.Y.]* 11 N.Y.2d 128, 132, 227 N.Y.S.2d 401, 182 N.E.2d 85 [citations omitted], that extraordinary relief should only be employed where "there exists a real possibility that injustice will result" (*Matter of Lipschutz [Gutwirth]*, 304 N.Y. 58, 64, 106 N.E.2d 8). An application to disqualify an arbitrator during the course of the arbitration must be based on misconduct on the part of the arbitrator (*Astoria Medical*, 11 N.Y.2d at 137, 227 N.Y.S.2d 401, 182 N.E.2d 85). And, while the appearance of bias may suffice (*see Rabinowitz v. Olewski*, 100 A.D.2d 539, 473 N.Y.S.2d 232 [citations omitted]), <u>that bias must be clearly apparent based upon established facts, not merely supported by unproved and disputed assertions</u>. [Emphasis added.]

6 A.D.3d at 261.

In sum, Defendant GLANSTEIN's Opinion and Award was supported by substantial evidence and has a rational basis. Therefore, there are no grounds for vacating the award.

## POINT III

## DEFENDANT GLANSTEIN CANNOT BE HELD INDIVIDUALLY LIABLE UNDER THE FAMILY MEDICAL LEAVE ACT (FMLA) AS SHE IS NEITHER AN EMPLOYER NOR PERSON ACTING IN THE INTEREST OF AN EMPLOYER

29 U.S.C. § 2615 sets forth the prohibited acts under the FMLA. Section 2617 provides for civil actions by employees against employers who violate § 2615. Section 2611(4) sets forth the definition of "employer." This definition includes "any person who acts, directly or indirectly, in the interest of an employer or to any of the employees of such employer." [2611(4((A)(ii)(I).]

In *Eckert v. Schroeder, Joseph & Associates*, 364 F.Supp.2d 326 WD NY 2005, the court dismissed an FMLA claim against the attorneys representing plaintiff's employer and union:

> Plaintiff alleges that as attorneys for his employer and union, the defendants are agents of his employer and union and are therefore "employers" for purposed [sic] of the FMLA pursuant to 28 U.S.C. § 2611(4)(A)(ii)(I). The language of § 2611(4)(A)(ii)(I) has been interpreted by a majority of the Courts to allow for liability under the FMLA against entities or individuals that ";possessed the power to control the worker in question [ ],'" *Astudillo v. U.S. News & World Report*, 2004 WL 2075179 (S.D.N.Y. Sept. 17, 2004) (quoting *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)) [footnote omitted] but this clearly does not extend to attorneys retained to defend an employer or union in litigation brought by a former employee under the FMLA. The attorneys retained to defend against plaintiff's earlier FMLA suit are simply not "person [ ] who act[ ], directly or indirectly, in the interest of an employer to any of the employees of such employer." This Court has located no case which extends the language of § 2611(4)(A)(ii)(I) to include attorneys for an employer or union simply because they represent the employer in matters relating to the employee. Accordingly, defendants are not "employer[s]" under the FMLA and, therefore, this Court has no subject matter jurisdiction over the FMLA claim alleged in the complaint.

For essentially the same reasoning, defendant Glanstein, as an arbitrator, is clearly not plaintiff's employer, nor does she have the power to control plaintiff's work in violating his rights

under the FMLA.

Furthermore, it is well settled under New York law that an arbitrator's decision to grant or deny an adjournment generally rests within the sound discretion of the arbitrator. *See, Matter of Chawki v. NE York City Department of Education, Manhattan High Schools, District 71*, 39 A.D.3d 321, 833 N.Y.S.2d 472 (1st Dep't 2007); *Harwyn Luggage, Inc. v. Henry Rosenfeld, Inc.*, 90 A.D.2d 747, 1st Dep't 1982); *Kool Air Systems v. Syosset Institutional Builders, Inc.*, 22 A.D.2d 672, 253 N.Y.S.2d 346 (1st Dep't 1964).

## POINT IV

### PLAINTIFF'S STIPULATION OF DISCONTINUANCE OF THE SPECIAL PROCEEDING IN NEW YORK STATE COURT IS AN ADJUDICATION ON THE MERITS FOR *RES JUDICATA* PURPOSES IN THE FEDERAL COURT ACTION

It is well settled that voluntary dismissal with prejudice is "adjudication on the merits for purposes the *res judicata*." *Chase Manhattan Bank N.A. v. Celotex Corp.*, 56 F.3d 343 (2d Cir. 1995); *Miele v. Pension Plan of New York State Teamsters Conference Pension and Retirement Fund*, 72 F.Supp.2d 88 (E.D.N.Y. 1999); *Waldman v. Village of Kiryas Joel*, 39 F.Supp.2d 370 (S.D.N.Y. 1999).

Plaintiff's special proceeding in New York State Supreme Court sought to vacate the arbitration award, which is the same relief that plaintiff seeks in the instant action. Plaintiff's Stipulation of Discontinuance With Prejudice of the State Court proceeding has *res judicata* effect in the federal proceeding. Accordingly, the instant action should be dismissed, with prejudice.

## CONCLUSION

## CONCLUSION

For the reasons set forth above, defendant ELEANOR ELOVICH GLANSTEIN's F.R.C.P. 12(b)(6) motion to dismiss should be granted in all respects.

Dated: New York, New York
May 5, 2010

_____
GREGG D. WEINSTOCK (GW-8078)