UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NICOLA ANTONIA DEMARCO,

                 Plaintiff,

          - against -

THE CITY OF NEW YORK; THE CITY OF
NEW YORK DEPARTMENT OF
EDUCATION; NEW YORK CITY MAYOR
MICHAEL BLOOMBERG; NEW YORK
CITY SCHOOL'S CHANCELLOR JOEL
KLEIN; RENEE DAVID; THERESA
EUROPE; PHILIP COMPOSITO; NANCY
RYAN; MICHAEL BEST; MICHAEL
CARDOZO; NEW YORK CITY DEPUTY
MAYOR DENNIS WALCOTT; NEW YORK
STATE GOVERNOR DAVID PATTERSON;
and ELEANOR ELOVICH GLANSTEIN,

                 Defendants.
---------------------------------------------------------X

MEMORANDUM & ORDER
08-CV-3055 (RRM)(LB)

MAUSKOPF, United States District Judge.

      Before this Court is a May 11, 2010 Report & Recommendation (the "R&R") issued by Magistrate Judge Lois Bloom (docket no. 41), which recommends dismissal of the instant action against eleven of the twelve named Defendants. The basis for that recommendation: Plaintiff DeMarco's repeated failures to comply with the service of process requirements set forth in Federal Rule of Civil Procedure 4 and the applicable New York Civil Practice Law and Rules.

      This Court has reviewed the R&R, together with DeMarco's timely filed written objections (docket no. 45). For the reasons set forth below, this Court concurs with the R&R, in relevant part, insofar as claims against Defendants Renee David, Theresa Europe, Nancy Ryan, Michael Best and Governor David Patterson are hereby DISMISSED. As to Defendants City of New York, the New York City Department of Education, Joel Klein, Philip Composito, Michael

Cardozo, and Dennis Walcott, the R&R is moot, as each has expressly conceded sufficient service of process (docket no. 42). Plaintiff's pending default motions, docket numbers 19 through 30, are hereby DENIED.

## PROCEDURAL HISTORY

*Pro se* Plaintiff Nicola Antonia DeMarco commenced this action on July 25, 2008. One year later, on July 25, 2009, DeMarco filed an Amended Complaint (docket no. 9).

By Order dated August 12, 2009, Judge Bloom ordered that Plaintiff serve each Defendant in the manner contemplated and required by Federal Rule 4(e). Plaintiff was then expressly on notice that failure to comply with service of process requirements would result in a recommendation of complete dismissal. Thereafter, on October 23, 2009, Plaintiff having failed to comply with the Magistrate Judge's service of process order, complete dismissal was recommended to this Court (docket no. 11). However, based on Plaintiff's objection and a request for additional time to effect service, the Magistrate Judge held in abeyance her dismissal recommendation and granted an additional extension of time for Plaintiff to effect proper service. Although Plaintiff thereafter filed affirmations of service with the Court, it was clear that service had not been accomplished in the manner prescribed by the Federal Rules of Civil Procedure. Accordingly, Magistrate Judge Bloom reinstated her recommendation that Plaintiff's action be dismissed as to all Defendants save Eleanor Elovich Glanstein, by whom proper service is not contested.

In again recommending dismissal, Magistrate Judge Bloom's civil docket entry accompanying her written R&R states as follows:

> REPORT AND RECOMMENDATIONS, The Court has given pltff ample opportunity to properly serve defts. The Court granted pltff multiple extensions of the time to serve under Rule 4(m), and when pltff's service was deficient, the Court provided pltff with a detailed explanation of the

2

> deficiency and instructed him how service must be made. Instead of taking advantage of this opportunity, on the eve of the deadline, pltff filed proof that he attempted service in the same deficient manner as before. The Court cannot afford pltff unlimited opportunities to serve defts, and pltff's time to serve defts has long passed. It is therefore respectfully recommended that pltff's complaint should be dismissed without prejudice as to all defts except deft Glanstein for failing to timely serve defts pursuant to FRCP 4(m). The parties shall have 14 days from service of this Report to file written objections. (Ordered by Magistrate Judge Lois Bloom on 5/5/2010) c/m (Galeano, Sonia) (Entered: 05/11/2010)

DeMarco filed written objections to the R&R, and submitted further affirmations of service by mail (docket nos. 47 & 49). On May 19, 2010, service upon Defendants City of New York, the New York City Department of Education, Joel Klein, Philip Composito, Michael Cardozo, and Dennis Walcott was expressly acknowledged by the Office of the Corporation Counsel (see, docket no. 42). However, acknowledgment of service by mail was not conceded as to Defendants Renee David, Theresa Europe, Nancy Ryan, and Michael Best (see, docket no 42, n. 1); moreover, examination of the submitted affirmations of service as to these latter Defendants indicates that the requisite of acknowledgement of service by mail had not been executed; nor has a notice of appearance been filed for any of these Defendants.

On February 19, 2010, the Office of the New York State Attorney General, on behalf of Governor David Patterson, objected to Plaintiff's defective service of process (docket no. 33). On June 3, 2010, in response to Plaintiff's affirmations of service, the Office of the Attorney General renewed that service objection, representing that it had no record of Plaintiff's summons and complaint having been properly served upon the Attorney General (docket no 46). In addition to renewing its service objection, the Attorney General also sought to join in the Corporation Counsel's proposed Rule 12(b)(6) motion to dismiss.

**DISCUSSION**

The Court now considers adoption of the relevant portion of the R&R, recommending dismissal against Defendants Renee David, Theresa Europe, Nancy Ryan, Michael Best and Governor Patterson; each of whom expressly objects to service of process by mail, or has not expressly consented to such service as required under Federal Rule of Civil Procedure 4(e) and New York's Civil Practice Law and Rules §§ 307, 308 and 312-a.

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). If any party timely serves and files written objections to a magistrate judge's report and recommendation on a dispositive motion, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed, see *Thomas v. Arn*, 474 U.S. 140, 150 (1985), and instead reviews those portions for clear error, see *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Having conducted *de novo* review as to the propriety of service upon Defendants David, Europe, Ryan, Best and Patterson, this Court concurs with the sound reasoning articulated in Magistrate Judge Bloom's R&R. It is clear from the face of the record that service has not been effected upon these parties in the manner required under Federal Rule 4(d), (e), (m) or Civil Practice Law and Rules §§ 308 and 312-a. *See Macaluso v. New York State Dep't of Envtl. Conservation*, 115 F.R.D. 16, 19 (E.D.N.Y. 1986). As made clear to the Plaintiff by Judge

Bloom's prior Order, dated August 12, 2009, service of process by mail is not an effective method of service absent a Defendant's express consent to such service. Although, in this case, service by mail was expressly consented to by certain of the Defendants, namely: the City of New York, the New York City Department of Education, Joel Klein, Philip Composito, Michael Cardozo, and Dennis Walcott, acceptance of such alternative service by these Defendants does not result in a waiver of traditional service requirements upon the remaining Defendants.

The absence of the requisite waivers permitting service of process by mail as to Defendants David, Europe, Ryan, Best and Patterson warrants their complete dismissal from this action; particularly in light of Judge Bloom's clear directives on serving such Defendants and the repeated and generous extensions of time in which to do so. *See Weaver v. State of New York*, 7 F. Supp. 2d 234, 236 (W.D.N.Y. 1998).

## CONCLUSION

This Court hereby adopts Magistrate Judge Bloom's recommendation as to Defendants David, Europe, Ryan, Best and Patterson; the Complaint is hereby dismissed without prejudice as to these Defendants. The Court acknowledges that the R&R's recommendations as to Defendants City of New York, the New York City Department of Education, Joel Klein, Philip Composito, Michael Cardozo, and Dennis Walcott have now been rendered moot. As such, the action shall continue as to these Defendants, as well as against Defendant Glanstein, and the Court shall consider the respective merits-dismissal arguments of these Defendants at the

appropriate time. Plaintiff's various motions for default judgment pursuant to Federal Rule 55 (docket nos. 19 – 30), are DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York  
       August 25, 2010

**S/RRM**  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge