UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

NICOLA DEMARCO,

                Plaintiff,

    - against -

THE CITY OF NEW YORK; THE CITY OF NEW
YORK DEPARTMENT OF EDUCATION; NEW
YORK CITY MAYOR MICHAEL BLOOMBERG;
NEW YORK CITY SCHOOL'S CHANCELLOR
JOEL I. KLEIN; RENEE DAVID; THERESA
EUROPE; PHILIP COMPOSITO; NANCY RYAN;
MICHAEL BEST; MICHAEL CARDOZO; NEW
YORK CITY DEPUTY MAYOR DENNIS
WALCOTT; NEW YORK STATE GOVERNOR
DAVID PATERSON; and ELEANOR ELOVICH
GLANSTEIN,

                Defendants.

-------------------------------------------------------------X

**MEMORANDUM & ORDER**
08-CV-3055 (RRM)(LB)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 2 3 2011 ★

BROOKLYN OFFICE

**MAUSKOPF, United States District Judge:**

*Pro se* Plaintiff Nicola Antonio DeMarco ("Plaintiff") brings this action against

Defendants the City of New York; the City of New York Department of Education ("DOE");

New York City Mayor Michael Bloomberg; New York City School Chancellor Joel I. Klein;

Renee David; Theresa Europe; Philip Composito; Nancy Ryan; Michael Best; Michael Cardozo;

New York City Deputy Mayor Dennis Walcott; New York State Governor David Paterson; and

Eleanor Elovich Glanstein, alleging violations of Plaintiff's due process rights under the Fifth

and Fourteenth Amendments of the United States Constitution and violations under the Federal

Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Currently before the Court

is Eleanor Glanstein's ("Glanstein") motion to dismiss Plaintiff's Complaint for failure to state a

claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons stated below, Glanstein's motion to dismiss is GRANTED.

## BACKGROUND

Since 2003, Plaintiff has been employed by the City of New York as a tenured teacher at Intermediate School 227, the Louis Armstrong Middle School (IS 227Q), in Queens County. (Compl. (Doc. No. 9.) ¶ 1.) On or about December 10, 2007, Plaintiff was informed of charges filed against him under § 3020-a of the New York State Education Law. (*Id.* ¶ 2.) Among these was a specific charge for absences in 2006, for which Plaintiff requested leave under the FMLA. (*Id.* ¶ 6.) Plaintiff demanded a hearing and three-member panel of arbitrators on or about December 14, 2008. (*Id.* ¶ 4.) Plaintiff was informed on May 30, 2008, that Glanstein, an arbitrator, would act as the sole hearing officer. (*Id.* ¶ 5.)

On July 3, 2008, Plaintiff requested that all hearings be adjourned until he completed a child adoption process, as he believed was his right under the FMLA. (*Id.* ¶ 7.) Glanstein gave Plaintiff notice of his hearing date on July 13, 2008 without addressing Plaintiff's request for leave. (*Id.* ¶ 8.) Plaintiff claims this violated his rights under the FMLA. (*Id.*)

On July 22, 2009, Plaintiff commenced this action to invalidate the charges brought against him under New York State Education Law § 3020-a as violative of his Fifth and Fourteenth Amendment right to due process. He further seeks a declaration that the use of a single arbitrator was invalid. Plaintiff demands $21,650,000 in compensatory damages for infliction of emotional distress and pain and suffering, and additional punitive damages from Defendants, in both their official and individual capacities.

Glanstein filed her arbitral decision on September 21, 2009, and on September 30, 2009 Plaintiff filed a petition in New York State Supreme Court, Queens County, against the New York City Board/Department of Education, the Department of Education City of New York CSD

2

#30, and Eleanor Glanstein, seeking an Order to have the decision modified or vacated. [1] In state

court, Plaintiff alleged, *inter alia*, that his rights were prejudiced by Glanstein's partiality and the

imperfect execution of her power, which included a failure to follow proper timing as set forth

under New York State Education Law § 3020-a. (Pet. (Doc. No. 50-1) ¶ 9.) Plaintiff also

alleged violations under the First Amendment's Freedom of Religion clause and the Due Process

clauses of the Fifth and Fourteenth Amendments of the United States Constitution. (*Id.*) As in

the instant case, Plaintiff's State Court petition also alleged that Glanstein violated Plaintiff's

rights under the FMLA by denying his July 2008 request for an adjournment of the hearings to

facilitate his adoption of a child. (*Id.* ¶ 28.)

On November 18, 2009, Plaintiff filed a Stipulation of Discontinuance with Prejudice as

to Respondent Hearing Officer Eleanor E. Glanstein with regard to the State Court action.

(Stipulation (Doc. No. 50-2).) On June 14, 2010, the Honorable Denis J. Butler granted the

remaining Defendants' motion to dismiss Plaintiff's state court petition. *In re Nicola DeMarco*,

Index No. 26990/09, 2010 WL 2486156 (N.Y. Sup. Ct. 2009). In the Order, the Court held, *inter*

*alia*, that Plaintiff failed to establish that his due process rights were violated in the arbitration

process: he was given adequate notice and opportunity to be heard, and was repeatedly granted

adjournments by Glanstein to replace counsel and resolve alleged health issues. *Id.* The Court

further held that Plaintiff's challenge to the use of a single arbitrator, rather than a three-member

---

[1] Though a district court, in considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), must limit itself to the facts stated in a complaint and any documents attached as exhibits, it may also take judicial notice of facts under Federal Rule of Evidence 201. *Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991). Such facts must be reasonably undisputed in that they are either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The court may also take judicial notice of claims and allegations set forth in other court proceedings when claims are part of the official court record, the document from which the claims are taken contains a stamp indicating that it has been processed by the court system, and the claims can be accurately ascertained from the record without any reasonable questions as to that accuracy. *G-I Holdings, Inc. v. Baron & Budd*, 2003 WL 193502, *7 (S.D.N.Y. 2003). Accordingly, these facts are taken from Plaintiff's petition in New York State Supreme Court, Queens County. *In re Nicola DeMarco*, Index No. 26990/09, 2010 WL 2486156 (N.Y. Sup. Ct. 2009).

panel, was without merit, as the right to such panel was properly replaced by procedures

established by a Collective Bargaining Agreement between the Department of Education and the

United Federation of Teachers.[2] *Id.*

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a

complaint. As required by Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." To

withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint]

to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d

66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual

allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's

complaint must include "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The

---

[2] The State Court made no holdings with regards to Plaintiff's claims under the FMLA as the court lacked the
requisite jurisdiction. *In re Nicola DeMarco*, 2010 WL 2486156.

determination whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71–72 (citations omitted). In other words, trial courts hold *pro se* complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

### I. GLANSTEIN IS ENTITLED TO ABSOLUTE IMMUNITY

Judges have long enjoyed absolute immunity for actions completed in pursuit of their official functions. *Austern v. Chi. Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1990). The grant of such immunity promotes independent judgment, frees judges from the threat of suit by dissatisfied litigants, and protects the finality of judgment by "discouraging inappropriate collateral attacks." *Forrester v. White*, 484 U.S. 219, 225 (1988); *See Dennis v. Sparks*, 449 U.S. 24, 31 (1980). Immunity may be overcome only in the case of: (1) nonjudicial actions, "*i.e.*, actions not taken in the judge's judicial capacity;" and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)

(internal citations omitted). Immunity is "not overcome by allegations of bad faith or malice." *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Further, a judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Because immunity is granted based on the nature of the judiciary's responsibilities, it has been extended to officials whose decision-making process is "functionally comparable" to that of judges. *Butz v. Economou*, 438 U.S. 478, 512-13 (1978) (administrative law judges and federal hearing examiners); *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976) (prosecutors and grand jurors). The Second Circuit has extended absolute immunity from liability for damages to arbitrators in contractually agreed upon arbitration proceedings for all acts completed "within the scope of the arbitral process." *Austern*, 898 F.2d at 886. Since "the truth-seeking function of arbitration is no less robust than that of the judicial process itself," arbitrators share with the judiciary the need to exercise independent judgment without fear of possible reprisal. *Rolon v. Henneman*, 517 F.3d 140, 145 (2d Cir. 2008). Indeed, without the protection of absolute immunity, the benefits of serving as an arbitrator would be grossly overshadowed by the specter of future litigation. *See Austern*, 898 F.2d at 886. To that end, the Second Circuit, in *Jacobs v. Mostow*, found that arbitrators in § 3020-a proceedings possess absolute immunity for all acts committed in the course of the arbitral process. *Jacobs v. Mostow*, 271 F. App'x 85, 88 (2d Cir. 2008).

Accordingly, as the arbitrator in Plaintiff DeMarco's § 3020-a proceeding, Glanstein is entitled to absolute immunity from liability for acts committed in that capacity. *See id.* Informing Plaintiff of his next hearing date without addressing his request for leave and determining dismissal to be the appropriate penalty for the charges levied against him were both

acts committed in her capacity as the arbitrator assigned to preside over Plaintiff's dispute with

the New York City Department of Education. The claims for damages against her are barred,

and are thus DISMISSED.[3]

## II.  GLANSTEIN IS NOT LIABLE UNDER THE FAMILY AND MEDICAL LEAVE ACT

Defendant is further shielded from liability with respect to the FMLA claims because she

simply does not fall under the auspices of that statute. Liability under the FMLA is expressly

limited to "any employer" who violates the Act. 29 U.S.C. § 2617. "Employer:"

> (i)  means any person engaged in commerce or in any industry or
> activity affecting commerce who employees 50 or more employees
> for each working day during each of 20 or more calendar
> workweeks in the current or preceding calendar year;
> (ii)  includes –
>> (I)  any person who acts, directly or indirectly, in the
>> interest of an employer to any of the employees of
>> such employer; and
>> (II)  any successor in interest of an employer;

§ 2611(4)(A).

Glanstein is not Plaintiff's employer under subsection (i) of § 2611(4)(A) – she is a labor

arbitrator recommended by the American Arbitration Association upon request by the State

Commissioner of Education for purposes of arbitrating a hearing under § 3020-a. *See* N.Y.

Educ. Law § 3020-a(3)(a). Nor is she a successor in interest of an employer as contemplated by

subsection (II) of § 2611(4)(A)(ii). Section 825.107 of the Code of Federal Regulations clarifies

that one is a "successor in interest of an employer" under the FMLA when "the employee's

entitlements are the same as if the employment by the predecessor were continuous employment

---

[3] In any event, vacatur of a hearing officer's award lies only upon a showing of "misconduct, bias, excessive power, or procedural defects." *Lackow v. Dep't of Educ. of the City of N.Y.*, 859 N.Y.S.2d 52, 56 (App. Div. 2008) (quoting *Austin v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 720 N.Y.S.2d 344, 344 (2001)). Mandatory arbitration awards are required to be buttressed by evidentiary support; that is, they may not be arbitrary or capricious. There is no allegation or evidence of bias or misconduct. *Id.*

by a single employer." 29 C.F.R. § 825.107(c). Since Glanstein does not employ Plaintiff in any manner, she cannot be his employer's successor in interest.

The remaining question, then, is whether she can be considered a person who acts "directly or indirectly, in the interest of an employer." *Id.* Under the New York State Education Law, an individual is ineligible to serve as a hearing official for a § 3020-a proceeding if he or she is "under the jurisdiction of the employing board, an employee, agent or representative of the employing board or of any labor organization representing employees of such employing board." N.Y. Educ. Law § 3020-a(3)(b)(i). "Board" is defined for the purposes of § 3020-a to include the "Board of Education." 8 New York Admin. Code § 82-1.2(a)(3).[4]

Both the employee and employing board are entitled to apply to the New York State Supreme Court for review of the hearing officer's decision. *See* § 3020-a(5). That review is subject to Civil Practice Law and Rules § 7511, which names "partiality of an arbitrator appointed as a neutral" among the grounds for vacating the decision. CPLR § 7511(b)(1)(ii).

It is clear from both the express limitations on which individuals may act as hearing officers, as well as the standard of review for their decisions, that hearing officers are meant to be completely independent. An individual acting as arbitrator, who is simultaneously serving in an employment or agency relationship with a party to the proceeding, might feel obligated to make a certain ruling in order to maintain that employment or agency status. Arbitrators are thus prohibited from being an employee, agent, or representative of a labor organization representing the employee, ensuring that the arbitrator is free of pressure to rule in the employee's favor. Likewise, arbitrators are prohibited from association with the employing board, which similarly ensures their independence. Moreover, the entitlement articulated in § 3020-a, allowing either

---

[4] It is the Board of Education that determines, in an executive session, whether probable cause exists to bring a disciplinary proceeding against a school employee under § 3020-a in the first instance. § 3020-a(2)(a).

8

party to challenge a ruling based on the alleged partiality of the arbitrator, further underscores the section's concern with undue influence and independence.

The language and purpose of § 3020-a(3), therefore, make it clear that Glanstein cannot be an "employer" under the express language of § 2611(4)(a)(ii)(I) of the FMLA and cannot be held liable under the Act. Were she an employee of the employing board, she would be ineligible to serve as a hearing officer. N.Y. Educ. Law § 3020-a(3)(i); see also 94 N.Y. Jur. 2d Schools, Universities, and Colleges § 322 (2011). Section 3020-a(3)(i) is intended to prevent hearing officers from acting "in the interest of an employer to any of the employees of such employer." § 2611(4)(a)(ii)(I). An arbitrator qualified to serve as a hearing officer under § 3020-a(3)(i) is thus disqualified from being an "employer" under § 2611(4)(a)(ii)(I).

Many courts have extended "employer" liability under the Act beyond the express language of § 2611(4)(A) to include "all those who control in whole or in part [plaintiff's] ability to take a leave of absence and return" to his job. *Johnson v. A.P. Prods., Ltd.*, 934 F. Supp. 625, 629 (S.D.N.Y. 1996) (quoting *Freemon v. Foley*, 911 F. Supp. 326, 332 (N.D. Ill. 1995)); *see also Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 419 (E.D.N.Y. 2010). Glanstein also is free from liability under the FMLA under this interpretation of "employer."

Plaintiff had neither occasion nor reason to approach Glanstein with his request for leave from his tenured teaching position under the FMLA. Plaintiff had no occasion to inquire with Glanstein because his requests for leave were in 2006, and Plaintiff does not allege to have any knowledge of Glanstein until he was notified of her designation as his hearing officer in May 2008. Plaintiff had no reason to inquire with Glanstein because only an "eligible employee" is entitled to leave under the FMLA and plaintiff was not employed by Glanstein in 2006. § 2612(1)(A)(i)) (an "eligible employee" is "an employee who has been employed for at least 12

months by the employer with respect to whom leave is requested"). As Glanstein had no control

over whether or not Plaintiff was granted leave from his position, she cannot be held liable under

the FMLA.

## III.    ADJOURNMENT WAS NOT REQUIRED

Glanstein was obligated neither under the FMLA nor under § 3020-a of the Education

Law to process Plaintiff's application for leave from his hearing in order to adopt a child.

Generally stated, the purpose of the FMLA is:

> "to balance the demands of the workplace with the needs of
> families . . . in a manner that [both] accommodates the legitimate
> interests of employers . . . [and] minimizes the potential for
> employment discrimination on the basis of sex by ensuring
> generally that leave is available . . ."

§ 2601(b)(1), (3)-(4).  Nothing in its language suggests a party's entitlement to leave from

judicial, quasi-judicial, or arbitral proceedings. 29 U.S.C. § 2601 *et seq.*

As established above, Glanstein was not Plaintiff's employer when he requested leave

from the hearing.  Plaintiff was, therefore, not an eligible employee under the Act and, thus, not

entitled to request leave from the § 3020-a proceeding under the FMLA in order to adopt a child.

At the time of the filing of this petition, there was no language in § 3020-a that expressly

entitled Plaintiff to leave from his proceeding for any reason.[5]  Indeed, under New York law, an

arbitrator's decision to grant or deny an adjournment rests within the arbitrator's sound

discretion.  *See Chawki v. N.Y. City Dep't of Educ., Manhattan High Sch., Dist. 71*, 833

---

[5] In the current version of § 3020-a, effective July 1, 2010, the subject of "adjournment" can only be found in the
subsection describing the procedures required where "charges of incompetence are brought based *solely* upon a
pattern of ineffective teaching or performance." § 3020-a(3)(c)(i-a)(A) (emphasis added).  Among those procedures
is an expedited hearing limited to sixty days in duration. *Id.*  A hearing officer has the authority to grant an
adjournment that extends the hearing beyond sixty days, "if the hearing officer determines that the delay is
attributable to a circumstance or occurrence substantially beyond the control of the requesting party and an injustice
would result if the adjournment were not granted." *Id.*  The charges against Plaintiff included disciplinary action
against him for excessive absences, and were not solely based on a pattern of ineffective teaching so as to require an
expedited hearing.  Without the requirement for the expedited hearing, there is no entitlement to an adjournment
under current § 3020-a.

N.Y.S.2d 472 (App. Div. 2007). Glanstein thus did not violate Plaintiff's statutory or due

process rights in not processing his application for adjournment, as he was not entitled to any

such adjournment.

## IV. STATE COURT ACTION AND STIPULATION OF DISCONTINUANCE WITH PREJUDICE

As a further basis for dismissing Plaintiff's claim against her, Defendant claims that the

due process claims asserted against her are precluded by prior determination by the state court

and stipulation of dismissal with prejudice as to her individually, pursuant to the doctrines of *res

judicata* and collateral estoppel. *In re Nicola DeMarco*, 2010 WL 2486156. The state court

found dismissed claims that were essentially identical to those brought here, finding that there

existed no colorable due process claim with respect to Plaintiff's allegations. The court there

also found that there was no basis for vacating the determination under state law, and that

Defendant's determination had a rational basis and was supported by the record. *Id.*

Under New York law, a stipulation of discontinuance with prejudice has the same effect

as a final judgment on the merits. *Allianz Ins. Co. v. Lerner*, 296 F. Supp. 2d 417, 421 (E.D.N.Y.

2003). Pursuant to the doctrine of *res judicata*, a final judgment on the merits of an action

precludes parties from subsequently re-litigating claims that were or could have been raised in a

prior adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Preclusion pursuant to *res

judicata* is not limited to future actions, but is also applicable to actions brought before the

judgment is rendered or before the action finally adjudged commences.

> Where two actions are pending between the same parties which are
> based upon the same cause of action or which involve the same
> issue, it is the first final judgment rendered in one of the actions
> which becomes conclusive in the other action, regardless of which
> action was brought first.

Restatement (First) of Judgments, § 43, cmt. a (2010). The fact that Plaintiff's state court action commenced subsequent to this federal action does not prevent the state court decision or the stipulation of dismissal from having preclusive effect. *Glasser v. Am. Fed'n of Musicians of United States & Canada*, 354 F. Supp. 1, 3 (S.D.N.Y. 1973).

Though the phrase "with prejudice" raises a presumption that the stipulation is, indeed, to have *res judicata* effect, *see In re N.Y. Skyline, Inc.*, 432 B.R. 66, 84 (S.D.N.Y. 2010), that phrase is narrowly construed "when the interests of justice, or the particular equities involved, warrant such an approach." *Dolitsky's Dry Cleaners, Inc. v. Y L Jericho Dry Cleaners, Inc.*, 610 N.Y.S.2d 302, 303 (App. Div. 1994). Here, no such approach is warranted. Though filed prior to the commencement of the instant action, the stipulation is for an action based on the same facts and containing many of the same claims against Glanstein as the federal action here at issue. Thus, on its face, the current action against Glanstein appears to be an opportunity for the Plaintiff to take another bite at the apple – the precise circumstance the *res judicata* doctrine aims to prevent. *See Sathianathan v. Smith Barney, Inc.*, No. 04 Civ. 7122 (DAB)(FM), 2006 WL 538152, at *17 (S.D.N.Y. Feb. 24, 2006).

Moreover, under the doctrine of collateral estoppel, issues of law and fact decided by a court and necessary to its judgment are considered settled in a subsequent suit involving a party to the prior litigation.[6] *U.S. v. Mendoza*, 464 U.S. 154, 158 (1984). The doctrine does not require that the parties litigated against in the prior proceeding be the same parties litigated against in the current proceeding. *Dundon v. Komansky*, 15 F. App'x 27, 29 (2d Cir. 2001). When used defensively, collateral estoppel prevents a plaintiff from relitigating an issue he previously

---

[6] The court acknowledges that collateral estoppel is an affirmative defense that must be pleaded. Fed.R.Civ.P. 8(c) (2010). Though the Short Form Order was filed two weeks prior to Glanstein's Memorandum of Law supporting her motion to dismiss, the Order's potential collateral estoppel effect was not pleaded here. Nevertheless, the Court finds the holding of the State Court in that Order to be persuasive, especially in shedding light on the operation, if not the intent, of the Stipulation of Discontinuance against Glanstein.

litigated and lost against another defendant. *U.S. v. Mendoza*, 464 U.S. at 159 n.4. Accordingly, it provides an incentive for plaintiffs to join all potential defendants to the first action. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329-30 (1979).

To invoke the doctrine, a party must demonstrate that an identical issue was necessarily decided in a previous action and is decisive in the present action. *Strough v. Inc. Vill. of W. Hampton Dunes*, 912 N.Y.S.2d 82, 84 (App. Div. 2010). To defeat the doctrine, the opposing party must show that there was no "full and fair opportunity" to contest the matter in the prior action. *Id.* Plaintiff's claims against Glanstein in State Court are identical to his claims against her in the instant case. The State Court's findings on those allegations were necessarily decided for the purpose of dismissing the state court petition. Further, Plaintiff is unable to establish the lack of a "full and fair opportunity" to contest the matter as he was able to pursue relief in state court. The State Court Order, therefore, would have a collateral estoppel effect when used defensively to bar Plaintiff from relitigating issues raised there in subsequent court actions.

Viewed in light of the State Court Order, it is clear that the practical effect of the Stipulation is to bar any further action by Plaintiff against Glanstein for issues arising from this set of facts. Regardless of whether the court were to impute an intention by the parties to limit the Stipulation's preclusive effect to the State Court action, when invoked defensively, the Order estops Plaintiff from relitigating the same issues litigated previously and against different parties unsuccessfully. Therefore, the due process claims against Glanstein are DISMISSED.

## CONCLUSION

Defendant Glanstein's motion to dismiss [Doc. No 51] is GRANTED. The Clerk of Court is directed to terminate Glanstein as a party in this case.

SO ORDERED.

Dated: Brooklyn, New York
March 22, 2011

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge